BARGER & GAINES

VIA ECF:
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

September 10, 2026

**RE:** ***M.W. et al. v. New York City Department of Education,*** **No. 1:26-CV-2207 (PAE)**
**Letter-Motion for Leave to File the Certified Administrative Record Under Seal**

Dear Judge Engelmayer:

Plaintiffs respectfully submit this letter-motion, pursuant to Rule 4.B of Your Honor's Individual Rules of Practice in Civil Cases and Section 6 of the Court's ECF Rules & Instructions, for leave to file the certified administrative record under seal. In the alternative, Plaintiffs request leave to file the record publicly in redacted form, with an unredacted copy filed under seal.

The Court's Order of September 9, 2026 (Dkt. 17) directs Plaintiffs' counsel to file the agreed-upon certified administrative record on the docket on or by September 16, 2026. The record comprises 679 pages, which the parties have Bates stamped MWREC001 through MWREC679. It consists of the transcripts, exhibits, and decisions of the impartial hearing and the ensuing state-level appeal concerning B.C., a minor child.

Plaintiffs recognize the presumption in favor of public access to judicial documents and that the presumption applies with particular force to materials that will inform the Court's adjudication of the parties' cross-motions. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Countervailing interests nonetheless warrant sealing here. After fixing the weight of that presumption, a court must balance it against countervailing considerations, and the privacy interests of innocent third parties "should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). This record consists almost entirely of the education records of a minor child, including individualized evaluations, progress reports, and testimony describing his classroom functioning. Congress has made those records confidential by statute. *See* 20 U.S.C. § 1232g; 20 U.S.C. § 1417(c); 34 C.F.R. §§ 300.610-300.627. The record also reaches the docket by operation of statute rather than by any litigation choice of the child's parents, because the IDEA requires the Court to receive the records of the administrative proceedings. *See* 20 U.S.C. § 1415(i)(2)(C)(i). A parent should not forfeit a child's statutory confidentiality as the price of the judicial review that the same statute affords.

New Jersey
21 Cedar Ave.
Suite 204
Fair Haven, NJ 07704
**P:** (908) 242-3635
**F:** (908) 242-3903

New York
1 Bridge St.
Suite 15
Irvington, NY 10533
**P:** (914) 902-5918
**F:** (914) 902-5917

Connecticut
101 Merritt 7 Corp. Park
Suite 300
Norwalk, CT 06851
**P:** (203) 883-6200
**F:** (914) 902-5917

Michigan
2723 South State St.
Suite 105
Ann Arbor, MI 48104
**P:** (248) 469-4920
**F:** (914) 902-5917

BARGER & GAINES

The relief Plaintiffs seek is narrowly tailored. Plaintiffs ask to seal the record alone. The parties' memoranda of law and Local Civil Rule 56.1 statements will be filed in public view, will identify the child by initials, and will cite the record by Bates number, so the public will retain access to the parties' contentions and to the substance of the administrative rulings under review. Should the Court prefer public filing, Plaintiffs will file a redacted version of the record that removes the names of the child and his family, dates of birth, home address, and the diagnostic and evaluative content that Rule 4.B.1 permits parties to redact, together with an unredacted copy filed under seal with the proposed redactions highlighted, as Rule 4.B.3.ii requires.

Counsel for Defendant has advised that Defendant does not oppose this application. Plaintiffs acknowledge that, under Rule 4.B.2, that position does not itself supply a basis for sealing, and Plaintiffs therefore rest this application on the interests described above.

If the Court grants leave, Plaintiffs will file the record under seal through ECF and will electronically relate it to this motion, in accordance with Sections 6.6 and 6.10 of the ECF Rules & Instructions. Because sealed filings are not viewable by the parties through ECF, Plaintiffs will also transmit the certified record to counsel for Defendant, Bates stamped MWREC001 through MWREC679 as filed.

Plaintiffs thank the Court for its consideration of this request.

Respectfully submitted,

Paul N. Barger
BARGER & GAINES
1 Bridge St., Suite 15
Irvington, New York 10533
(914) 902-5918
paul@bargergaines.com
Attorneys for Plaintiffs

cc: Eric B. Hiatt, Esq. (via ECF)

GRANTED.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 11, 2026
New York, New York